PETER JEFFERSON PRYOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pryor v. Commissioner
Docket No. 24201-90
United States Tax Court
T.C. Memo 1991-64; 1991 Tax Ct. Memo LEXIS 83; 61 T.C.M. (CCH) 1910; T.C.M. (RIA) 91064; February 20, 1991, Filed *83 An appropriate order and decision will be entered. Peter Jefferson Pryor, pro se.
Barbara E. Horan, for the respondent. PARR, Judge. PARR
MEMORANDUM OPINION This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 40. [1]
By statutory notice of deficiency dated July 27, 1990, respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)
Sec. 6654(a)
1988
$ 3,281.00
$ 164,00
$ 210.00
On October 29, 1990, petitioner timely filed a petition for redetermination of respondent's deficiency determinations. At the time of filing his petition, petitioner resided in Denver, Colorado. On December 18, 1990, respondent filed a motion to dismiss *84 for failure to state a claim upon which relief can be granted. Respondent asserts that this case should be dismissed, because petitioner has failed to allege in his petition any justiciable error and no justiciable facts in support of any justiciable error. The motion was set for hearing on February 6, 1991, in Washington, D.C. The parties were notified that Rule 50(c) provides for the submission of a written statement in lieu of, or in addition to attendance at the hearing. Apparently in response to respondent's motion, on January 29, 1991, petitioner filed an amended petition. At the hearing respondent's counsel appeared and was heard. Petitioner did not appear in person or through counsel. Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. In his petition and amendment to petition, petitioner makes only oft *85 discarded tax protestor type arguments. For example, petitioner contends his labor in determining his 1988 taxes constitutes personal property taken by the Government without just compensation for which a loss is allowed under either section 165 or section 212. After review of petitioner's petition and amendment to petition, we agree with respondent that the petition fails to allege any justiciable error with respect to respondent's determinations in the notice of deficiency, and alleges no justiciable facts in support of any error as required in Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent. Respondent's oral motion for a penalty under section 6673, raised for the first time at the hearing at which petitioner was not present and not required to attend, is denied. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩